Andrew T. Thomasson, Esq.
**THOMASSON LAW, LLC**
101 Hudson Street, 21st Floor
Jersey City, NJ 07302-3929
Telephone: (201) 479-9969
Facsimile:  (855) 479-9969
E-Mail: andrew@thomassonllc.com

*Attorney for Plaintiff, Yisroel Kupferstein, and
all others similarly situated*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YISROEL KUPFERSTEIN, an individual; on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CERTIFIED CREDIT & COLLECTION BUREAU, a New Jersey Corporation; JOANNE M. POSSUMATO, Individually and In Her Official Capacity; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, <br><br> Defendants. | Case No.: _____ <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** <br><br> <u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff, YISROEL KUPFERSTEIN ("Plaintiff" or "KUPFERSTEIN"), on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of Defendants CERTIFIED CREDIT & COLLECTION BUREAU ("CERTIFIED CREDIT"), JOANNE M. POSSUMATO ("POSSUMATO"), and JOHN AND JANE DOES numbers 1 through 25 (collectively referred to hereinafter as "Defendants"), and alleges the following:

## I. PARTIES

1.      KUPFERSTEIN is a natural person.

2.      At all times relevant to this complaint, KUPFERSTEIN was a citizen of, and resided in, the Township of Lakewood, Ocean County, New Jersey.

3.      At all times relevant to this complaint, CERTIFIED CREDIT is a for-profit corporation existing pursuant to the laws of the State of New Jersey. CERTIFIED CREDIT maintains its principal business address at 69 Readington Road, in the Borough of Somerville, Somerset County, New Jersey.

4.      Plaintiff is informed and believes, and on that basis alleges, that at all times relevant to this complaint POSSUMATO was a citizen of, and resided in, the Borough of Frenchtown, Hunterdon County, New Jersey.

5.      Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

6.      Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of CERTIFIED CREDIT that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by CERTIFIED CREDIT and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## II. JURISDICTION & VENUE

7.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

8.      Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the each of the Defendants are subject to personal jurisdiction in the State of New Jersey at the time this action is commenced.

## III. PRELIMINARY STATEMENT

9.      Plaintiff, on his own behalf and on behalf of the class he seeks to represent, brings this action for the illegal practices of the Defendants who used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiff and others.

10.     Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"). Such practices include, *inter alia*, sending consumers written initial collection communications that:

    (a)    Make false, deceptive, or misleading representations regarding the character, amount, or legal status of alleged debt;

    (b)    Threaten to take action that cannot legally be taken or that is not intended to be taken;

    (c)    Fail to accurately state the amount of the alleged debt; and

    (d)    Seek to collect amounts (including any interest, fee, charge, or expense incidental to the principal obligation) that are not expressly authorized by the agreement creating the debt or permitted by law.

11.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. §§ 1692(a) and 1692(b). Consequently, Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 130 S. Ct. 1605, 1623, 176 L. Ed. 2d 519 (2010) (internal quotes and ellipsis omitted; emphasis added); 15 U.S.C. § 1692(e).

12.     The Act is not concerned with whether the consumer owes the debt. "Congress recognized that 'the vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'" *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007). Nevertheless, "'[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve 'the right to be treated in a reasonable and civil manner.'" *FTC, supra*, 502 F.3d at 165 (emphasis added) quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997).

13.     "Congress also intended the FDCPA to be self-enforcing by private attorney generals [sic]." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004). "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would

be confused. In this way, the FDCPA enlists the efforts of sophisticated consumers like Jacobson as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Services, Inc.*, 516 F.3d 85, 91 (2d Cir. 2008); *see also, Gonzales v. Arrow Fin. Services, LLC*, 660 F.3d 1055 (9th Cir. 2011).

14. The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," *Brown v. Card Serv. Ctr*, 464 F.3d 450, 453n1 (3d Cir. 2006). In this way, "the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). For example, a "debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 455. Furthermore, except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

15. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62-3 (2d Cir. 1993).

16. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations concerning the character,

amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken the failure by debt collectors, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

17.    To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f(1)-(8). Among these *per se* violations prohibited by that section are: the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly permitted by law, 15 U.S.C. § 1692f(1).

18.    To eliminate abusive debt collection practices, the FDCPA, at 15 U.S.C. § 1692g(a) sets forth requirements for written notice to a consumer including the amount of the debt, 15 U.S.C. § 1692g(a)(1).

19.    A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973). Indeed, Congress, through "the FDCPA[,] permits and encourages parties who have suffered no loss to bring civil actions for statutory violations." *Jacobson, supra*, 516 F.3d at 96.

20.    The FDCPA also provides for class relief "capped" at the lesser of $500,000 or 1% of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B). "Representative actions, therefore, appear to be fundamental to the statutory structure of the FDCPA." *Weiss, supra*, 385 F.3d at 345.

Indeed, while limiting class relief, Congress nevertheless recognized the effectiveness of class actions to enforce the FDCPA and, therefore, mandated that a class action should be maintained "without regard to a minimum individual recovery." *Id.* When a debt collector opposes class certification based on its minimal or negative net worth, "there is a chance that no claims would proceed against Defendants due to a lack of financial incentive, thereby leaving unpunished allegedly thousands of FDCPA violations. Lacking this procedural mechanism, meritorious FDCPA claims might go unredressed because the awards in an individual case might be too small to prosecute an individual action." *Weiss, supra,* 385 F.3d at 345 (citations omitted). This is exactly the kind of result Congress intended to avoid through the creation of the class action form." *Barkouras v. Hecker*, 2006 U.S. Dist. LEXIS 88998 (D.N.J. Dec. 8, 2006).

21.     The Plaintiff, on behalf of himself and all others similarly situated, seeks certification of this action as a class action, statutory damages pursuant to the FDCPA, attorney fees, costs, declaratory judgment and all other relief, equitable or legal in nature, as deemed appropriate by this Court.

## IV. FACTS CONCERNING PLAINTIFF

22.     On or about December 25, 2012, Plaintiff allegedly incurred a financial obligation for medical treatment to "JERSEY SHORE OP-MERIDIAN HEALTHSYS" ("Healthsys Obligation").

23.     The Healthsys Obligation arose out of a transaction in which the money, property, insurance, or services are the subject of the transaction that are primarily for personal, family, or household purposes.

24.     Defendants contend that the Healthsys Obligation is in default.

25.     The alleged Healthsys Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

26.     Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

27.     Plaintiff is informed and believes, and on that basis alleges, that sometime prior to January 7, 2014, the creditor of the Healthsys Obligation either directly or through intermediate transactions, assigned, placed, or transferred the debt to CERTIFIED CREDIT for collection.

28.     CERTIFIED CREDIT collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

29.     CERTIFIED CREDIT is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30.     On information and belief, POSSUMATO is a principal owner, officer, director, shareholder, compliance officer, and/or managing partner of CERTIFIED CREDIT.

31.     POSSUMATO attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

32.     POSSUMATO personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, oversaw, and benefitted financially from all of the illegal policies and procedures used by herself and other employees of CERTIFIED CREDIT that are complained of herein.

33.     POSSUMATO is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

34.     On or about January 7, 2014, CERTIFIED CREDIT mailed an initial collection letter concerning the Healthsys Obligation, which is dated January 7, 2014, and which Plaintiff received in the ordinary course of mail. ("1/7/14 Letter"). A true and correct copy of the 1/7/14

Letter is attached hereto as ***Exhibit A***, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and Plaintiff's home address in an effort to protect Plaintiff's privacy.

35.      The 1/7/14 Letter was sent, or caused to be sent, by persons employed by Defendants as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

36.     The 1/7/14 Letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

37.     The 1/7/14 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

38.     The top-right of the 1/7/14 Letter states:

> TOTAL PRINCIPLE [Sic] $70.00
> TOTAL INTEREST DUE: $0.00
> TOTAL BALANCE DUE $70.00

39.     The First Paragraph of the 1/7/14 Letter states:

> "[a]s of the date of this Letter, you owe $70.00. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. For further information please call us toll free TOLL FREE [sic] 800-253-2920."

40.     The Third Paragraph of the 1/7/14 Letter states, "[k]indly remit the balance due with the bottom portion of this statement."

41.     The 1/7/14 Letter then purports to be personally signed by "J. Rockford."

42.     Plaintiff is informed and believes, and on that basis alleges, that the name "J. Rockford" is an alias used by POSSUMATO in the collection of debts.

43.     Plaintiff is informed and believes, and on that basis alleges, that POSSUMATO signed, or caused to be signed, the name "J. Rockford" on the 1/7/14 Letter.

44. Plaintiff is informed and believes, and on that basis alleges, that POSSUMATO personally approved the content of 1/7/14 Letter prior to it being mailed.

45. Plaintiff is informed and believes, and on that basis alleges, that contrary to statements contained in the First Paragraph of the 1/7/14 Letter, at no time do the Defendants add "interest" to the Healthsys Obligation or other consumer debts they attempt to collect on behalf of "JERSEY SHORE OP-MERIDIAN HEALTHSYS."

46. Plaintiff is informed and believes, and on that basis alleges, that contrary to statements contained in the First Paragraph of the 1/7/14 Letter, at no time do the Defendants add "late charges" to the Healthsys Obligation or other consumer debts they attempt to collect on behalf of "JERSEY SHORE OP-MERIDIAN HEALTHSYS."

47. Plaintiff is informed and believes, and on that basis alleges, that contrary to statements contained in the First Paragraph of the 1/7/14 Letter, at no time do the Defendants add "other charges" to the Healthsys Obligation or other consumer debts they attempt to collect on behalf of "JERSEY SHORE OP-MERIDIAN HEALTHSYS."

48. On information and belief, The Defendants are not legally or contractually permitted to add "interest" to the Healthsys Obligation or other consumer debts they attempt to collect on behalf of "JERSEY SHORE OP-MERIDIAN HEALTHSYS."

49. On information and belief, The Defendants are not legally or contractually permitted to add "late charges" to the Healthsys Obligation or other consumer debts they attempt to collect on behalf of "JERSEY SHORE OP-MERIDIAN HEALTHSYS."

50. On information and belief, The Defendants are not legally or contractually permitted to add "other charges" to the Healthsys Obligation or other consumer debts they attempt to collect on behalf of "JERSEY SHORE OP-MERIDIAN HEALTHSYS."

51.     Defendants' statements in the 1/7/2014 Letter are materially false, deceptive, and misleading in that, *inter alia*, they falsely suggest to consumers that the amount of their respective debts will increase <u>daily</u> due to an undisclosed amount of "interest, late charges, and other charges" that "vary from day to day."

52.     Defendants' statements in the 1/7/2014 Letter are materially false, deceptive, and misleading in that, *inter alia*, they state the consumer will, as a consequence, owe an additional undisclosed sum of money after payment is tendered to Defendants.

53.     The 1/7/2014 Letter caused Plaintiff uncertainty and forced him to guess how much money he allegedly owed CERTIFIED CREDIT, how much money would accrue daily on his alleged debt, how much additional money he would owe if he paid the amount demanded in the 1/7/2014 Letter, and if/when Defendants' collection efforts would actually stop if he remitted the entire payment demanded.

54.     The 1/7/2014 Letter would cause the least sophisticated consumer uncertainty and force him/her to guess how much money s/he allegedly owed CERTIFIED CREDIT, how much money would accrue daily on his/her alleged debt, how much additional money s/he would owe if they paid the amount demanded in the 1/7/2014 Letter, and if/when Defendants' collection efforts would actually stop if s/he remitted the entire payment demanded.

55.     Defendants intended that their materially false statements contained in the 1/7/2014 Letter cause Plaintiff and other consumers confusion about the exact amount of money allegedly owed.

56.     Defendants intended that their materially false and deceptive statements contained in the 1/7/2014 Letter cause Plaintiff and other consumers to incorrectly believe they would benefit financially by immediately sending payment for the amount demanded in Defendants' initial

collection rather than waiting to make such payment.

## V.  POLICIES AND PRACTICES COMPLAINED OF

57.     It is Defendants' policy and practice to send initial written collection communications, in the form attached as **Exhibit A**, that violate the FDCPA by, *inter alia*:

    (a)     Using false, deceptive, or misleading representations regarding the character, amount, or legal status of alleged debt;

    (b)     Threatening to take any action that cannot legally be taken or that is not intended to be taken;

    (c)     Failing to accurately state the amount of the alleged debt; and

    (d)     Seeking to collect amounts (including any interest, fee, charge, or expense incidental to the principal obligation) that are not expressly authorized by the agreement creating the debt or permitted by law.

58.     On information and belief, Defendants sent an initial written collection communication, in materially the same form attached as **Exhibit A**, to at least 50 natural persons in the State of New Jersey.

## VI.  CLASS ALLEGATIONS

59.     This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

60.     Subject to discovery and further investigation which may cause Plaintiff to modify the following class definition at the time Plaintiff moves for class certification, Plaintiff defines the "Class" as follows:

    (a)     all persons with addresses in the State of New Jersey;

(b)    to whom CERTIFIED CREDIT mailed an initial written communication, in substantially the same form attached hereto as *Exhibit A*;

(c)    in an attempt to collect a debt on behalf of the creditor identified as "JERSEY SHORE OP-MERIDIAN HEALTHSYS;"

(d)    which was not returned as undeliverable, and which states:

        (i)    "TOTAL INTEREST DUE $0.00;" or

        (ii)    "Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater;"

(e)    during a period beginning one year prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

61.    Subject to discovery and further investigation, Plaintiff reserves the right to modify the foregoing class period at the time Plaintiff moves for class certification.

62.    Subject to discovery and further investigation which may cause Plaintiff to modify the following definition of the "Class Claims" at the time Plaintiff moves for class certification, Plaintiff defines the Class Claims as:

> Claims arising under the FDCPA based on Defendants' use of the initial written communication attached hereto as *Exhibit A*, in connection with its attempt to collect a debt on behalf of "JERSEY SHORE OP-MERIDIAN HEALTHSYS" which included the following language or substantially similar language: "TOTAL INTEREST DUE $0.00;" or (ii) "Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater;"

63.    The identities of all class members are ascertainable from the records of CERTIFIED CREDIT and those entities on whose behalf it attempt to collects debts.

64.    Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate

families, and legal counsel for all parties to this action and all members of their immediate families.

65.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

66.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. Those principal issues are: whether the Defendants' written communications, in the form attached as **_Exhibit A_**, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g(a)(1).

67.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

68.     The Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorney have any interests, which might cause them not to vigorously pursue this action.

69.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     <u>**Numerosity:**</u> The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b)     <u>**Common Questions Predominate:**</u> Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issues

are whether the Defendants' written communications, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g(a)(1).

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

67.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Indeed, because individual joinder of all members would be impracticable, class action treatment will permit a

large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender, an important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and difficulties are unlikely in the management of a class action.

68.     Based on discovery and further investigation (including, but not limited to, Defendant's disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Class, Class Claims, and the class period, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII.  CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

69.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

70.     Defendants violated the FDCPA. Defendants' violations with respect to their written communications, in the form attached as *Exhibit A*, include, but are not limited to, the following:

(a)     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b)     Making false, deceptive, and misleading representations regarding the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

(c)     Making false threats to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

(d)    Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

(e)    Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f;

(f)    Seeking to collect amounts (including any interest, fee, charge, or expense incidental to the principal obligation) that are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1); and

(g)    Failing to properly disclose the amount due in violation of 15 U.S.C. § 1692g(a)(1).

## VIII.  PRAYER FOR RELIEF

71.    WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the Defendant jointly and severally, in his favor and in favor of the Class, as follows:

A.    **For the FIRST CAUSE OF ACTION**:

(i)    An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Class as previously set forth and defined above;

(ii)    An award of the maximum statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

(iii)    An award of the maximum statutory damages for the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

(iv)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

and

(v)      For such other and further relief as may be just and proper.

## IX. JURY DEMAND

72.     Plaintiff hereby demands that this case be tried before a Jury.

DATED:  February 13, 2014
        Jersey City, New Jersey

*s/ Andrew T. Thomasson*
Andrew T. Thomasson, Esq.
THOMASSON LAW, LLC
101 Hudson Street, 21st Floor
Jersey City, New Jersey 07302-3929
Telephone: (201) 479-9969
Facsimile:  (855) 479-9969
E-Mail: andrew@thomassonllc.com

*Attorney for Plaintiff, Yisroel Kupferstein, and*
*all others similarly situated*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I, Andrew T. Thomasson, hereby certify that to the best of my knowledge that the matter in controversy is <u>not</u> the subject of any pending arbitration or administrative proceeding; however, it <u>is</u> the subject of an action pending in this Court, and a conformed copy of the complaint in said action is attached hereto as ***Exhibit B***. I further certify that, other than the foregoing action, I know of no party, other than putative class members, who should be joined in the herein action at this time.

DATED:  February 13, 2014
        Jersey City, New Jersey

                                        *s/ Andrew T. Thomasson*
                                        Andrew T. Thomasson, Esq.
                                        THOMASSON LAW, LLC
                                        101 Hudson Street, 21st Floor
                                        Jersey City, New Jersey 07302-3929
                                        Telephone: (201) 479-9969
                                        Facsimile:  (855) 479-9969
                                        E-Mail: andrew@thomassonllc.com

                                        *Attorney for Plaintiff, Yisroel Kupferstein, and*
                                        *all others similarly situated*

# EXHIBIT "A"

# CERTIFIED CREDIT & COLLECTION BUREAU

PO BOX 336 • RARITAN, NJ 08869 • Somerville 908.526.9300 Fax: 908.707.8780
Other Locations: Hackensack, NJ 201.646.0888 • Princeton, NJ 609.520.8899

TOLL FREE 800-253-2920
DATE: JAN 07 2014
RE:  JERSEY SHORE OP-MERIDIAN HEALTHSYS
PATIENT: YISROEL KUPFERSTEIN
ACCOUNT # ████████0016
DATE OF SERVICE: 12/25/12
TOTAL PRINCIPLE $70.00
TOTAL INTEREST DUE $0.00
TOTAL BALANCE DUE: $70.00

YISROEL KUPFERSTEIN
5712 18TH AVE
BROOKLYN NY 11204-1902

The above account has been placed with us for collection. As of the date
of this letter, you owe $70.00.  Because of interest, late charges
and other charges that may vary from day to day, the amount due on the
day you pay may be greater.  For further information please call us
toll free TOLL FREE 800-253-2920.

Unless you notify this office within 30 days after receiving this notice
that you dispute the validity of the debt or any portion thereof, this
office will assume this debt is valid.  If you notify this office in
writing within 30 days from receiving this notice, this office will:
obtain verification of the debt or obtain a copy of a judgment and mail
you a copy of such verification or judgment. If you request this office
in writing within 30 days after receiving this notice, this office will
provide you with the name and address of the original creditor, if
different from the current creditor.  This is an attempt to collect a
debt by a debt collector and any information obtained will be used for
that purpose.

Kindly remit the balance due with the bottom portion of this statement.
Should there be any discrepancy or question, please call us at
TOLL FREE 800-253-2920 or for our 24 hour automated system call (800)354-4744.

VERY TRULY YOURS,

*Rockford*

CERTIFIED CREDIT
& COLLECTION BUREAU

WE ACCEPT

WESTERN | QUICK
UNION | COLLECT

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

PLEASE ENCLOSE THIS PORTION WITH YOUR PAYMENT

#201

YISROEL KUPFERSTEIN
5712 18TH AVE
BROOKLYN NY 11204-1902

CLIENT:  JERSEY SHORE OP-MERIDIAN HEALTH
ACCOUNT # ████████0016
DATE: JAN 07 2014
FILE # ████8273
BALANCE DUE: 70.00
TOTAL BALANCE DUE: $70.00

CALL OUR 24 HOUR AUTOMATED CUSTOMER SERVICE 800-354-4744
OR VISIT OUR WEBSITE: WWW.CERTIFIEDCCB.COM

NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER: 1251239

PAY YOUR ACCOUNT ONLINE ON OUR SECURE WEBSITE: www.certifiedccb.com

or

24 HOUR AUTOMATED CUSTOMER SERVICE

800-354-4744

PLEASE CALL OUR 24 HOUR AUTOMATED CUSTOMER SERVICE TO CHECK ACCOUNT STATUS, MAKE A PAYMENT USING CREDIT CARD OR CHECK BY PHONE, TO UPDATE YOUR CURRENT ADDRESS, INSURANCE INFORMATION OR ANY OTHER INFORMATION.

**CERTIFIED CREDIT & COLLECTION BUREAU**

**IS A WESTERN UNION QUICK COLLECT™ SUBSCRIBER**

THIS MEANS YOU CAN TRANSMIT FUNDS FROM ANY WESTERN UNION LOCATION, AND YOUR PAYMENT WILL REACH CERTIFIED CREDIT WITHIN ONE HOUR.

.CALL 1(800) 325-6000 TO LOCATE YOUR WESTERN UNION AGENT REGARDING PROCEDURE AND SERVICE CHARGE INFORMATION.

..PROVIDE YOUR NAME AND OUR FILE NUMBER, LOCATED ON BOTTOM RIGHT HAND CORNER OF THIS LETTER.

:.HAVE WESTERN UNION AGENT SEND PAYMENT TO US AT OUR CODE CITY:  CERTIFIED, NJ

PLEASE PRINT NAME, ADDRESS AND TELEPHONE CORRECTIONS BELOW. ALSO PLEASE SUPPLY ANY INSURANCE INFORMATION OR CREDIT CARD INFORMATION IF APPLICABLE.

NAME _____   TELEPHONE NUMBER _____

ADDRESS _____   CITY / STATE _____ ZIP _____

INSURANCE COMPANY NAME _____

ADDRESS _____   CITY / STATE _____ ZIP _____

POLICY NUMBER _____ CLAIM NUMBER _____

JOB RELATED INJURY? Y or N        AUTO ACCIDENT? Y or N  If yes, Date of Accident _____

CREDIT CARD NUMBER _____ EXP _____  V-CODE _____

SIGNATURE _____   AMOUNT TO CHARGE $ _____

# EXHIBIT "B"

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK MAZZUCCO, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiffs, | |
| -against- | **CIVIL ACTION** |
| | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| CERTIFIED CREDIT & COLLECTION BUREAU, and JOHN DOES 1-25, | |
| Defendants. | |

Plaintiff, MARK MAZZUCCO, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, CERTIFIED CREDIT & COLLECTION BUREAU and JOHN DOES 1-25, it's employees, agents, and success (hereinafter "Defendants") alleges the following: its

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §1692 *et seq*., the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. §1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2)  because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

1

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in §803 of the FDCPA and 15 U.S.C. §1692(a).


## PARTIES

5.      The FDCPA, 15 U.S.C. §1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the State of New Jersey, County of Ocean and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7.      Defendant CERTIFIED CREDIT & COLLECTION BUREAU ("Certified") is a domestic company with its principal executive office located at PO Box 336, Raritan, New Jersey 08869.

8.      Upon information and belief, Defendant CERTIFIED is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      Defendant CERTIFIED is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10.      John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a statewide class action. The Class consists of:

- All New Jersey consumers who were sent letters and/or notices from CERTIFIED concerning a debt owed to MCOC OP-MERIDIAN HEALTHSYSTEM, which contained any of the following statements

  (a) "Because of Interest, late charges and others that may vary from day to day, the amount due on the day you pay may be greater"; or

  (b) Contains an itemization indicating the "Total Interest Due" as $0.00 with the "Total Principal" and the "Total Balance Due" stating different amounts; or

  (c) Contains a statement to "Kindly remit the balance due with the bottom portion of this statement. Should there be any discrepancy or question, please call us at toll free 800-253-2920 or for our 24 hour automated system call (800) 354-4744".

- The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

3

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A;,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether Defendant violated various provisions of the FDCPA;

  b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15.     On or about February 29, 2012 Plaintiff allegedly incurred a financial obligation to MCOC Op-Meridian Healthsystems  ("MCOC") in the amount of $743.00. *See* **Exhibit A**.

16.     The MCOC obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes

17.     The alleged MCOC obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18.     MCOC is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19.     CERTIFIED  contends that the MCOC debt is past due.

20.     CERTIFIED collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

21.     At some time prior to January 7, 2013 MCOC contracted CERTIFIED to collect the MCOC debt.

22.     On or about January 7, 2013, Defendant CERTIFIED, caused to be delivered to Plaintiff an initial collection letter in an attempt to collect the alleged MCOC debt. *See* **Exhibit A.**

23.     Said letter was sent or caused to be sent by persons employed by CERTIFIED as a "debt collector" as defined by 15 U.S.C. §1692a(6).

24.     Said letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C.§1692a(5).

25.     Said letter is a "communication" as defined by 15 U.S.C. §1692a(2).

26.     Upon receipt of CERTIFIED's letter, Plaintiff read said letter.

27.     The first paragraph of the January 7, 2013 letter states in part: "BECAUSE OF INTEREST, LATE CHARGES AND OTHER CHARGES THAT MAY VERY FROM DAY TO DAY, THE AMOUNT DUE ON THE DAY YOU PAY MAY BE GREATER. FOR FURTHER INFORMATION PLEASE CALL US TOLL FREE 800-253-2920."

28.     Contrary to the statement in first paragraph of the January 7, 2013 letter, at no time did CERTIFIED add "interest" to the MCOC obligation.

29.     Contrary to the statement in the  first paragraph of the January 7, 2013 letter, at no time did CERTIFIED add "late charges" to the MCOC obligation.

30.     Contrary to the statement in the first paragraph of the January 7, 2013 letter, at no time did CERTIFIED add "other charges" to the MCOC obligation.

31.     On about July 13, 2013 CERTIFIED returned Plaintiff's debt to MCOC.

32.     The balance due on Plaintiff account at the time it was returned to MCOC was $743.00.

33.     Defendants' statements in the first paragraph of the January 7, 2013 letter, annexed hereto as **Exhibit A**, are materially false, deceptive and misleading, in that, *inter alia,* Defendants did not subsequently add or accrue any additional "interest" or "other charges" to Plaintiff's alleged MCOC obligation.

34.     Defendants' statements in the first paragraph of the January 7, 2013 letter, are materially false, deceptive and misleading, in that, *inter alia,* they state that the consumer may owe an additional undisclosed sum of money after payment is tendered to CERTIFIED.

35.     Defendants intended that their materially false statements on the collection letter dated January 7, 2013, would cause Plaintiff and other consumers to incorrectly believe that they would benefit financially by immediately sending payment for the amount demanded in the January 7, 2013 initial collection letter rather than waiting to make such payment.

36.     The first paragraph of the letter dated January 7, 2013, that "interest" and "other charges" may subsequently accrue on Plaintiff's alleged debt constitute a false threat to take action that cannot legally be taken or that is not intended to be taken.

37.     Defendants' collection letter dated January 7, 2013 caused Plaintiff uncertainty and forced him to guess how much money he allegedly owed, how much money would accrue daily on his alleged debt, how much additional money he would owe if he paid the amount demanded in the letter and if/when Defendants' collection efforts would actually stop if he remitted the entire payment demanded.

38.     Defendants' collection letter dated January 7, 2013 caused Plaintiff uncertainty and forced him to guess how much money he allegedly owed, how much money would accrue daily on his alleged debt, how much additional money he would owe if he paid the amount demanded in the letter and if/when Defendants' collection efforts would actually stop if he remitted the entire payment demanded.

39.     The second paragraph of the January 7, 2013 letter states the required notice pursuant Section 1692(g) of the FDCPA.

40.     The third paragraph also states "KINDLY REMIT THE BALANCE  DUE WITH THE BOTTOM PORTION OF THIS STATEMENT. SHOULD THERE BE ANY DISCREPANCY OR QUESTION, PLEASE CALL US AT TOLL FREE 800-253-2920 OR FOR OUR 24 HOUR AUTOMATED SYSTEM CALL (800) 354-4744" (*sic*).

41.     A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991).

42.     The least sophisticated consumer upon reading the January 7, 2013 letter from CERTIFIED, will be confused as to method required to effectively dispute the alleged debt.

43.     Upon reading paragraph third of the January 7, 2013 letter from CERTIFIED, the least sophisticated consumer would believe that he should choose either of the instructions as set forth in the third paragraph of the notice and either call the toll free number *or* write to CERTIFIED at the address on the letter, to dispute the alleged debt.

44.     CERTIFIED violated Section 1692g et seq. of the FDCPA by providing instructional language which is confusing and makes the least sophisticated consumer uncertain as to what he must do to effectively dispute the alleged debt.

45.     At the very top of the January 7, 2013 letter from CERTIFIED an itemization is provided as follows:

Total Principle:       $743.00

Total Interest Due:    $0.00

Total Balance Due:     $746.91

46.     Accordingly, given that the Total Interest Due is $0.00, there is a discrepancy of $3.91 between the Total Principle and Total Balance due.

47.     CERTIFIED attempted to collect an amount, which is not expressly authorized by the agreement creating the debt or permitted by law.

48.     . As of the date of this Complaint Plaintiff's balance due on the MCOC debt is still $743.00.

49.     CERTIFIED failed to state the amount of the debt by stating both that the Total Principle is $743.00 but the Total Balance is $746.91.

50.     Defendants intended that their materially false statements contained in the collection letter dated January 7, 2013, would cause Plaintiff and other consumers confusion about the exact amount of money allegedly owed.

## POLICIES AND PRACTICES COMPLAINED OF

51.     It is Defendants' policy and practice to send initial written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by inter alia:

(a)     Using false, deceptive or misleading representations or means in connection with the collection of any debt

(b)     Providing instructional language which is confusing and makes the least sophisticated consumer uncertain as to what he must do to effectively dispute the alleged debt.

(c)     Falsely representing the character, amount or legal status of any debt;

(d)     Threatening to take action that cannot legally be taken or that is not intended to be taken;

(e)     Using unfair or unconscionable means to collect or attempt to collect any debt;

(f)     Failing to accurately state the amount of the debt.

52.     On information and belief, Defendants sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New Jersey within one year of the date of this Complaint.

10

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e *et seq.*

53. Plaintiff repeats the allegations contained in paragraphs 1 through 52 as if the same were set forth at length.

54. Defendants violated the FDCPA. Defendants' violations with respect to its written communications in the form annexed hereto as **Exhibit A**, include, but are not limited to, the following:

(a)     Using false, deceptive and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §1692e;

(b)     Making a false representation of the amount of the debt in violation of 15 U.S.C. §1692e(2)(A).

(c)     Making false threats to take any action that cannot legally be taken or that is not intended not to be taken in violation of 15 U.S.C. §1692e(5);

(d)     Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §1692e(10) by providing language that misrepresents to the least sophisticated consumer that he can call either call the toll free numbers to CERTIFIED to dispute the alleged debt, when in fact he must dispute the alleged debt in writing for the dispute to be effective.

11

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692g *et seq.*

55.    Plaintiff repeats the allegations contained in paragraphs 1 through 54 as if the same were here set forth at length.

56.    Section 1692g of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its communication with the consumer.

57.    Section 1692g(a)(1)(3),(4),(5) of the FDCPA requires the debt collector:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---the amount of the debt --- a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector --- a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and --- a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

58.    Defendants' letter to Plaintiff, dated January 7, 2013 contained the required validation notice in the second paragraph.

59.     The third paragraph states "KINDLY REMIT THE BALANCE  DUE WITH THE BOTTOM PORTION OF THIS STATEMENT. SHOULD THERE BE ANY DISCREPANCY OR QUESTION, PLEASE CALL US AT TOLL FREE 800-253-2920 OR FOR OUR 24 HOUR AUTOMATED SYSTEM CALL (800) 354-4744" (*sic*).

60.     The least sophisticated consumer upon reading the letter from Defendants, will be confused as to the method required to effectively dispute the alleged debt.

61.     Upon reading the third paragraph of the notice January 7, 2013 letter from Defendants, the least sophisticated consumer would believe that he should choose either of the instructions as set forth in the third paragraph of the notice and either call the toll free number *or* write to Defendants at the address on the letter, to dispute the alleged debt.

62.     A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991).

63.     Defendants violated Section 1692g et seq. of the FDCPA by providing instructional language which is confusing and makes the least sophisticated consumer uncertain as to what he must do to effectively dispute the alleged debt.

64.     CERTIFIED failed to accurately state the amount or character of the debt by stating in their January 7, 2013 letter (**Exhibit A**):

Total Principle:        $743.00

Total Interest Due:     $0.00

Total Balance Due:      $746.91

65.     Accordingly,  the January 7, 2013 letter fails to indicate whether the debt is $743.00 or $746.91

## COUNT III

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692f *et seq*

66.   Plaintiff repeats the allegations contained in paragraphs 1 through 65 as if the same were set forth at length.

67.   15 U.S.C §1692f makes it a violation to use unfair or unconscionable means to collect or attempt to collect any debt.

68.   15 U.S.C §1692f makes it a violation for a debt collector to collect any amount that is not expressly authorized by the agreement creating the debt or permitted by law.

69.   CERTIFIED violated 15 U.S.C §1692f by causing a collection letter to be sent to Plaintiff that fails to indicate whether the debt is $743.00 or $746.91

70.   CERTIFIED further violated 15 U.S.C §1692f by attempting to an additional amount of $3.91, which is not authorized by the agreement creating the debt or permitted by law.

**WHEREFORE,** Plaintiff demands judgment against the Defendant on each count as follows:

(a)   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorney, Joseph K. Jones, Esq., as Class Counsel;

(b)   Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)   Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d)   Awarding Plaintiff and the Class statutory damages;

(e)     Awarding Plaintiff and the Class actual damages;

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys'
fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court
may deem just and proper.


Dated: Fairfield, New Jersey
        December 10, 2013

                              */s/ Joseph K. Jones*
                              Joseph K. Jones (JJ-5509)
                              Law Offices of Joseph K. Jones, LLC
                              375 Passaic Avenue, Suite 100
                              Fairfield, New Jersey 07004
                              (973) 227-5900 telephone
                              (973) 244-0019 facsimile
                              jkj@legaljones.com


### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a
trial by jury on all issues so triable.


                              */s/ Joseph K. Jones*
                              Joseph K. Jones

15

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff do hereby certify to my own knowledge and based upon information available to me at my office, that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 10, 2013

*/s/ Joseph K. Jones*
Joseph K. Jones

# Exhibit

# A

# CERTIFIED CREDIT & COLLECTION BUREAU

PO BOX 336 • RARITAN, NJ 08869 • Somerville 908.526.9300 Fax: 908.707.8780
Other Locations: Hackensack, NJ 201.646.0888 • Princeton, NJ 609.520.8899

```
                                        TOLL FREE 800-253-2920
                                        DATE: JAN 07 2013
                                        RE:  MCOC OP-MERIDIAN HEALTHSYSTEMS
                                        PATIENT: MARK MAZZUCCO
        MARK MAZZUCCO                    ACCOUNT #           840
        ██████████████                  DATE OF SERVICE: 02/29/12
                                        TOTAL PRINCIPLE $743.00
                                        TOTAL INTEREST DUE $0.00
                                        TOTAL BALANCE DUE: $746.91
        ▏ⅼ▕ⅼ▏ⅼ▏ⅼ·ⅼ▏ⅼ▏ⅼ·ⅼ
```

THE ABOVE ACCOUNT HAS BEEN PLACED WITH US FOR COLLECTION. AS OF THE DATE
OF THIS LETTER, YOU OWE $746.91. BECAUSE OF INTEREST, LATE CHARGES
AND OTHER CHARGES THAT MAY VARY FROM DAY TO DAY, THE AMOUNT DUE ON THE
DAY YOU PAY MAY BE GREATER. FOR FURTHER INFORMATION PLEASE CALL US
TOLL FREE TOLL FREE 800-253-2920.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE
THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS
OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN
WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL:
OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL
YOU A COPY OF SUCH VERIFICATION OR JUDGMENT. IF YOU REQUEST THIS OFFICE
IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL
PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF
DIFFERENT FROM THE CURRENT CREDITOR. THIS IS AN ATTEMPT TO COLLECT A
DEBT BY A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR
THAT PURPOSE.

KINDLY REMIT THE BALANCE DUE WITH THE BOTTOM PORTION OF THIS STATEMENT.
SHOULD THERE BE ANY DISCREPANCY OR QUESTION, PLEASE CALL US AT
TOLL FREE 800-253-2920 OR FOR OUR 24 HOUR AUTOMATED SYSTEM CALL (800)354-4744
                              VERY TRULY YOURS,

                              *J Rockford*

                              CERTIFIED CREDIT
                              & COLLECTION BUREAU

WE ACCEPT

**WESTERN | QUICK**
**UNION | COLLECT**

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

PLEASE ENCLOSE THIS PORTION WITH YOUR PAYMENT

```
                              CLIENT:  MCOC OP-MERIDIAN HEALTHSYSTEMS
                              ACCOUNT #         840
    #201                      DATE: JAN 07 2013
                              FILE # 9397790
                              BALANCE DUE: 746.91
    MARK MAZZUCCO             TOTAL BALANCE DUE: $746.91
    ██████████████
```

CALL OUR 24 HOUR AUTOMATED CUSTOMER SERVICE 800-354-4744
OR VISIT OUR WEBSITE: WWW.CERTIFIEDCCB.COM